IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

DOROTHY M. RUSSUM,                          :
                                            :        C.A. No: K13C-03-022 RBY
                Plaintiff,                  :
                                            :
_____                                   :
        v.                                  :
                                            :
IPM DEVELOPMENT PARTNERSHIP                  :
LLC, a Delaware limited liability company,  :
BIG LOTS STORES, INC., an unregistered      :
entity, and SILICATO COMMERCIAL             :
REALTY, INC., a Delaware corporation,       :
                                            :
                Defendants.                 :

                                    _____

*Submitted: May 13, 2015*
*Decided: May 21, 2015*


***Upon Consideration of Defendants' Motion in Limine to Limit the Medical
Expenses of Plaintiff***
**STAYED**


***Upon Consideration of Defendants' Motion to Strike the Expert
Report/Testimony of Dr. Richard DuShuttle***
**DENIED**


***Upon Consideration of Defendants' Motion to Strike the Expert Report/Opinion
of Ronald J. Cohen, PE***
**DENIED**



**ORDER**

William D. Fletcher, Jr.,Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Plaintiff.

Christopher T. Logullo, Esquire, Chrissinger & Baumberger, Wilmington, Delaware for Defendants IPM Development Partnership, LLC and Silicato Commercial Realty, Inc.

David J. Soldo, Esquire, Morris James, LLP, Wilmington, Delaware for Defendant Big Lots Stores, Inc.

Young, J.

*Russum v. IPM Development Partnership, LLC, et. al.*
*C.A. No. K13C-03-022 RBY*
*May 21, 2015*

## SUMMARY

Dorothy Russum ("Plaintiff") alleges she was hurt, following a slip and fall incident on a ramp in front of Big Lots, Inc.'s ("Defendant Big Lots") store in Dover, Delaware. The premises were leased from IPM Development Partnership, LLC ("Defendant IPM") and managed by Silicato Commercial Realty, Inc. ("Defendant Silicato," and together with Big Lots and IPM, "Defendants"). Plaintiff retained the services of a certified engineering expert, who opined that the dangerous slope of the ramp caused Plaintiff to slip and fall. In addition, Plaintiff presents the expert report of her treating physician, who links the injuries sustained to the alleged incident on Defendants' premises. Thus far, Plaintiff's medical expenses have been covered by her insurer, Medicare.

Defendants, by three motions in limine, seek to exclude certain evidence from admission. The first motion seeks to limit evidence concerning Plaintiff's current and future medical expenses, to the amounts actually paid by Medicare. The second motion seeks to strike the expert opinion of Plaintiff's treating physician, pursuant to a *Daubert*[1]/D.R.E. 702 challenge. The third motion seeks to strike the report of Plaintiff's engineering expert, also pursuant to a *Daubert*/D.R.E. 702 challenge. For the reasons that follow, the Court: 1) **stays** consideration of the motion concerning Plaintiff's medical expenses; 2) **denies** the motion in limine to strike the treating physician's testimony; and 3) **denies** the motion in limine to strike the report of the engineering expert.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

**FACTS AND PROCEDURES**

On April 21, 2011, Plaintiff purportedly sustained injuries resulting from a slip and fall accident while on Defendants' business premises. On March 18, 2013, Plaintiff filed a Complaint against Defendants seeking damages stemming from her purported injuries. Among the damages sought are medical expenses, which have been covered by Plaintiff's insurer, Medicare.

Plaintiff alleges that, while attempting to enter Defendant Big Lots' retail store, she felt something under her foot, causing her to fall. Directly in front of Defendant Big Lots' store is a sloped ramp. Plaintiff indicated that it was in the general area of this sloped ramp that her accident occurred. However, in a recorded statement, Plaintiff was unable to identify precisely what it was she felt under her feet, causing her to fall.

On June 10, 2014, Ronald J. Cohen, PE ("Cohen"), a certified engineer retained by Plaintiff, conducted a site inspection of the alleged accident location. Also attending this inspection were Plaintiff, Plaintiff's counsel, and Defendants' counsel. Cohen rendered a copy of his findings on July 15, 2014, in which he concludes that the sloped ramp in front of Defendants' store caused Russum to fall and sustain injuries.

Plaintiff's other expert in this case is Dr. Richard P. DuShuttle ("Dr. DuShuttle"). Dr. DuShuttle has been Plaintiff's treating physician, following her alleged accident. Dr. DuShuttle prepared an expert report, dated November 20, 2014. In it, Dr. DuShuttle diagnoses Plaintiff with lumbosacral strain, sciatica, and lumber spine stenosis, all of which, he opines, was asymptomatic until aggravated

4

by Plaintiff's purported fall. Dr. DuShuttle's report also concludes that Plaintiff is a candidate for surgery to remedy her injuries.

By contrast, Defendants present the expert report of Dr. Jonas B. Gopez, M.D., who finds that Plaintiff's ailments preceded any alleged accident at the site – specifically, a chronic lower back condition having its origin in 1973. This report was issued on January 7, 2014.

## DISCUSSION

Defendants present three separate motions in limine: 1) motion to limit/preclude Plaintiff's medical expenses; 2) motion to strike expert opinion of Dr. DuShuttle; and 3) motion to strike expert opinion of Ronald Cohen, PE.[2] The Court addresses each motion in turn.

Defendants' first motion in limine raises the issue of the collateral source doctrine, and its extension beyond the Supreme Court's ruling in *Mitchell v. Haldar*[3] to public collateral sources. In *Mitchell*, the Supreme Court determined that where Plaintiff is insured by a private company, Plaintiff may recover the full cost of medical care, irrespective of whether his private insurer received a discount from Plaintiff's medical provider. This Court, in *Stayton v. Delaware Health Corp.*, held that *Mitchell's* ruling does not apply to *public* insurers, such as Medicare.[4] In the instant matter, Plaintiff was also insured by Medicare. By analogy, Defendants argue

---

[2] Defendants IPM and Silicato filed said motions on April 27, 2015. Defendant Big Lots joined the motions on April 29, 2015.

[3] 883 A.2d 32 (Del. 2005).

[4] 2014 WL 4782997, at *1 (Del. Super. Ct. Sept. 24, 2014).

that any sums above that which Medicare paid, may not be presented to the jury, as they are unrecoverable.

This Court's *Stayton* opinion is currently on appeal before the Supreme Court.[5] Plaintiff, rightfully, contends that this Court should refrain from issuing any decisions concerning the reach of *Mitchell* to plaintiffs insured by Medicare. Therefore, Defendants' motion concerning Plaintiff's medical expenses is **STAYED**, pending the Supreme Court's decision in *Stayton*.

Defendants' second motion in limine seeks to strike the opinion of Plaintiff's expert, Dr. DuShuttle, who determined that Plaintiff's injuries were caused by the accident on Defendants' property. Defendants allege that Dr. DuShuttle's opinion failed to take into account Plaintiff's prior medical history – a crucial factual predicate. According to Defendants, Plaintiff suffered from chronic lower back ailments for decades prior to the accident. Defendants assert that, in not considering Plaintiff's preexisting condition, Dr. DuShuttle's opinion lacks sufficient foundation, therefore rendering that opinion inadmissible as expert testimony under D.R.E. 702.

As a starting point, this Court recognizes the Delaware Supreme Court's exposition in *Perry v. Berkley* of the proper role of a trial court in contemplating D.R.E. 702 challenges. "The trial court acts as a gatekeeper" to determine whether the "expert's opinion [is] based upon proper factual foundation and sound methodology," which would be required to create admissible evidence.[6] The Court further has "broad

---

[5] Case No. 601, 2014 (Del.), appeal filed on October 23, 2014.

[6] 996 A.2d 1262, 1267 (Del. 2010).

latitude" in making such rulings.[7] The "proper factual foundation" language has been distilled from D.R.E. 702, which provides in relevant part:

> a witness qualified as an expert...may testify...in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[8]

Addressing the "proper factual foundation" part of the analysis, the *Perry* Court determined that, to meet this criteria, an expert's opinion must be based on "facts" of the case rather than "suppositions."[9] Expanding upon this further, the Supreme Court stated "*[i]f an expert bases an opinion on an erroneous factual foundation, the inaccurate premises invalidate the conclusion...*"[10] The key is that the expert must have an "understanding of the case's factual foundations."[11]

Defendants' motion to strike the testimony of Dr. DuShuttle is based in the *Perry* opinion. Defendants argue that Dr. DuShuttle's testimony is akin to the expert testimony stricken by the *Perry* Court. The Court does not find the analogy to *Perry* persuasive. To begin, *Perry* involved a situation in which the expert at issue

---

[7] *Id.*

[8] *Id.*, at 1267-1268 (internal quotations omitted).

[9] *Id.*, at 1269.

[10] *Id.* (quoting David G. Kaye, David E. Bernstein and Jennifer L. Mnookin, *The New Wigmore: Expert Evidence* § 3.1 (2004)) (emphasis in the original).

[11] *Id.*(finding the expert's opinion inadmissible as in preparing his opinion, the expert was ignorant of crucial aspects of the Plaintiff's medical history).

formulated his opinion "upon a *completely incorrect* case specific factual predicate."[12] Without even having treated the Plaintiff, the *Perry* expert concluded that the Plaintiff's injuries resulted from the accident in question, though that expert was ignorant that some of the Plaintiff's symptoms preceded the accident.[13] This information was included in the Plaintiff's medical records, a file that the *Perry* expert did not review in preparing his opinion.[14] It was as a result of this egregious set of events that the Supreme Court excluded the expert's testimony, finding that his opinion originated from "assumptions that have no basis in fact."[15]

Although Defendants contend that Dr. DuShuttle's opinion was similarly based on speculation, the Court is satisfied that the testimony is grounded in the facts of this case. Defendants' primary argument is that Dr. DuShuttle's testimony did not give proper weight to Plaintiff's longstanding lower back pain. As per Defendants, this is the same blunder committed by the *Perry* expert – to wit, ignorance of Plaintiff's medical history. However, as Plaintiff notes, Dr. DuShuttle's opinion does not discount or overlook Plaintiff's medical history, but rather deems the slip and fall accident to be the cause of Plaintiff's current health troubles, rather than her ongoing lower back condition. As a qualified expert in the field, Dr. DuShuttle is free to do

---

[12] *Perry*, 996 A.2d at 1271 (emphasis in original).

[13] *Id.*, at 1265.

[14] *Id.*

[15] *Id.*, at 1270.

so.[16] Moreover, unlike the *Perry* expert who did not even treat or examine the *Perry* Plaintiff, Dr. DuShuttle has been intimately involved with Plaintiff's care. The situations are, simply stated, inapposite.

Defendants' argument, in sum, is that Dr. DuShuttle should have focused on a *different* set of facts, from the one he found important in his diagnosis. Indeed, Defendants contend that their own expert found the prior lower back condition to be the true culprit. However, as the Supreme Court has recognized, challenges to the "factual basis of an expert opinion go to the credibility of the testimony, not the *admissibility*, and it is for the opposing party to challenge...the expert opinion on cross-examination."[17] It is only in the narrow circumstance, where an expert has completely neglected core facts, that a court will exclude the testimony. To say that Dr. DuShuttle's opinion is founded "upon a *completely incorrect* case specific factual predicate,"[18] would be too strong. Defendants' second motion in limine is **DENIED**.

Defendants' final motion in limine attacks the admissibility of Cohen's expert report, which opines that the ramp in front of Defendant Big Lots' store was dangerously sloped, causing Plaintiff's fall. Defendants begin their argument by referencing D.R.E. 702, claiming that Cohen's report fails every prong. "[An expert] may testify to an opinion so long as it is based on sufficient facts or data, the testimony is the product of reliable principles and methods, and the witness has

---

[16] Indeed, Defendants do not challenge Dr. DuShuttle's qualifications.

[17] *Perry*, 996 A.2d at 1271 (emphasis added).

[18] *Id.* (emphasis in original).

applied the principles and methods to the facts of the case."[19] Defendants' contention is another *Perry* challenge. Defendants premise their assault on the admissibility of Cohen's report on the fact that he did not review Plaintiff's deposition testimony and other recorded statements. Defendants aver that Plaintiff's recorded statement reveals she was unaware of what caused her to fall.[20] Further, Plaintiff acknowledged that she noticed the yellow cautionary paint above the ramp.[21] Defendants argue that Cohen, by not considering Plaintiff's deposition testimony, missed central facts regarding the accident. At its core, Defendants' position is that Cohen's report is not founded in sufficient facts.

While claiming that the contents of Plaintiff's deposition are integral to any expert findings concerning the slip and fall incident, Defendants recognize the various sources upon which Cohen's report is based. These include the Complaint,

---

[19] Defendants' Motion in Limine to Strike the Expert Report/Testimony of Ronald Cohen, PE, at ¶ 6. The Court notes that the expert admissibility standard in Delaware has been, further, developed by case law, chiefly from the Supreme Court, recognizing additional factors to be considered such as: "(1) whether scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and (4) whether the technique is generally accepted." *Spencer v. Wal-Mart Stores East, LP*, 930 A.2d 881, 889-890 (Del. 2007)(internal quotations omitted). These factors have been termed the "reliability" test. *Price v. Blood Bank of Delaware, Inc.,* 790 A2d. 1203, 1210 (Del. 2002) ("D.R.E. 702 imposes a special obligation upon the trial judge to ensure that any and all scientific testimony...is not only relevant, but *reliable*")(emphasis added)(internal quotations omitted).

[20] *See* Ex. B to Defendants' Motion to Strike the Expert Report/Testimony of Ronald Cohen, PE.

[21] *See* Ex. A to Defendants' Motion to Strike the Expert Report/Testimony of Ronald Cohen, PE, at p.32-33.

photographs of the accident site, and a personal inspection of the area in question, accompanied by Plaintiff. These numerous materials, from which Cohen's report is comprised, reveal an effort on Cohen's part to "understan[d]...the case's factual foundations."[22] Moreover, as Plaintiff argues, some of the allegedly ignored key facts, such as the existence of yellow paint serving to alert patrons of the ramp, were, in fact, noted in Cohen's report.[23] Furthermore, it is not, in itself, dispositive that Plaintiff may have seen the yellow paint. Cohen's report opines that the ramp was hazardously sloped. Even with the yellow paint, one can imagine the argument being formulated that Plaintiff was, nonetheless, imperiled. Most importantly, this is a *factual dispute* for the fact-finder. As such, Cohen's failure to review the deposition transcript goes to the *credibility* of his expert opinion, not its *admissibility*. Defendants' third motion in limine is **DENIED.**

## CONCLUSION

For the foregoing reasons the Court: 1) **STAYS** consideration of Defendants' Motion in Limine to Limit the Medical Expenses of Plaintiff; 2) **DENIES** Defendants' Motion to Strike the Expert Report/Testimony of Dr. Richard DuShuttle; and 3) **DENIES** Defendants' Motion to Strike the Expert Report/Opinion of Ronald J. Cohen, PE.

---

[22] *Perry*, 996 A.2d at 1269.

[23] *See* Ex. A to Plaintiff's Response to Defendants' Motion to Strike the Expert Report/Testimony of Ronald Cohen, PE, at p.2.

   **IT IS SO ORDERED**.

            /s/ Robert B. Young
               J.


RBY/lmc
oc:  Prothonotary
cc:  Counsel
    Opinion Distribution